## HAWKINS v. WILSON.

PROMISSORY NOTE: FRAUD: HOLDER FOR VALUE, BEFORE DUE, WITHOUT NOTICE.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, MARCH 16, 1887.

ACTION on a negotiable promissory note which the plaintiff claims was transferred to him before maturity for a valuable consideration. The defendant pleaded that the note had been obtained by fraud, and that the plaintiff had full knowledge of such fraud prior to and at the time the note was transferred to him. Trial by jury, verdict and judgment for the defendant. A motion for a new trial was overruled, and the plaintiff appeals.

*John O. Malcolm*, for appellant.

*Bolton & McCoy*, for appellee.

SEEVERS, J.—The note is dated April 4th, 1884, and is payable to C. E. Abbey or order, nine months after date, and it was transferred to plaintiff before maturity. It will be conceded there was evidence tending to show that Abbey procured the note through and by means of certain fraudulent representations made by him.

After a careful examination of the answer, we have been unable to find any allegation that the plaintiff did not pay a valuable consideration for the note. This being so, the only remaining issue was, whether the plaintiff had knowledge of the fraud at the time the note became his property. We have carefully read the evidence, and have failed to find any so tending. The defendant himself had no knowledge of the fraud prior to December, 1884, and at that time he knew the plaintiff claimed to be the owner of the note, and defendant agreed to pay it.

The plaintiff testified that he procured the note in November, 1884, and that he had no knowledge, directly or indirectly, that it had been obtained by fraud. There is not a particle of evidence contradictory to this. But defendant claims that the plaintiff made contradictory statements when testifying, and that he had known Abbey for some years; that they jointly owned a horse, and were intimate and conversant with each other's business, and therefore it is assumed the plaintiff must have known of the fraud, and the jury were justified in so finding. Conceding all that is claimed in this respect, we are unable to see how such evidence tends to establish the claimed proposition. Besides this, we are unable to concur with counsel that there is any evidence, fairly considered, which tends to prove the matters claimed, unless a strained, instead of a reasonable and natural, construction is placed on the evidence of the plaintiff, on which the defendant solely relies to establish the requisite knowledge.

The court erred in not sustaining the motion for a new trial.

REVERSED.